REUBEN A. RICHARDS & another *vs.* EMILY G. BURBANK.

Norfolk.    December 11, 1908. — February 26, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Devise and Legacy.*

A will, after leaving to the testator's widow the use and improvement of all the testator's real estate and the income of all his personal property during her life, provided that on her death all of his real estate should go to his six children named and that all of his personal property should be distributed among them equally, and then proceeded as follows: "But if either of my said children should die, unmarried and without issue, then the share which such child would take by virtue of this my will shall go to and be divided among my surviving children in equal proportions and so if more than one of my said children should die

before the decease of my said wife. Furthermore if any one of my said children should die before the decease of my said wife leaving a child or children born in lawful wedlock my will is that the share which such child would have taken if living, should go to and be holden by such child or children in the same manner and be holden by the same title that it would have been holden by, by such child if living." *Held*, that each of the six children of the testator took an undivided sixth of the real estate in fee in remainder, and, assuming that such remainders vested on the death of the testator, they were subject in the case of each child to be divested by the death of such child before the death of the testator's widow, that if such child so died leaving a child the share would go to such grandchild of the testator, but that the estate of such grandchild would be subject to be divested by his death before that of the testator's widow.

WRIT OF ENTRY, in the Land Court dated August 12, 1907, by Reuben A. Richards and Sarah G. Buttrick for certain land in Needham, which was owned by Jeremiah F. Richards at the time of his death in 1852, and was disposed of by his will which was dated May 12, 1851.

The material portions of that will were as follows:

" Be it remembered that on this twelfth day of May in the year of our Lord one thousand eight hundred and fifty one, I, Jeremiah F. Richards of Dedham in the County of Norfolk being of sound mind and memory, blessed be God therefor do make publish and declare this my last Will and Testament in manner following that is to say.

" First I will and order that all my just debts and funeral charges be paid by my executor hereinafter named.

" Secondly. I give devise and bequeath to my beloved wife Hannah M. Richards the use and improvement of all my Real Estate wherever found during her natural life and the use and income of all my personal estate of what name or nature so ever for the said period.

" Thirdly. I give devise and bequeath to my six children, to wit: Sarah F. Richards, Reuben R. Richards, Hannah M. Richards, Amos J. F. Richards, Nancy I. Richards & Clarissa E. Richards in equal shares and to their heirs and assigns to be by them possessed and enjoyed after the decease of my said wife, all my real estate so devised to my said wife wherever the same may be found, also to them I bequeath all my personal estate to be equally divided between them share and share alike ; but if either of my said children should die, unmarried and without issue, then the share which such child would take by virtue of this my

will shall go to and be divided among my surviving children in equal proportions and so if more than one of my said children should die before the decease of my said wife. Furthermore if any one of my said children should die before the decease of my said wife leaving a child or children born in lawful wedlock my Will is that the share which such child would have taken if living, should go to and be holden by such child or children in the same manner and be holden by the same title that it would have been holden by, by such child if living."

In the Land Court the case was heard by *Davis*, J., who reported it for determination by this court as follows:

The land in controversy was owned in fee simple by Jeremiah F. Richards at the time of his death. Richards died in 1852, leaving a will dated May 12, 1851, and allowed October 5, 1852. He left a widow, Hannah M., and six children: Sarah F., Hannah M., Reuben R., Nancy I., Amos J. F., and Clarissa E. The eldest, Sarah F., was then twenty-two years of age, and all were unmarried. Sarah F. Richards married Reuben Augustus Richards on January 25, 1855, and died on February 22, 1856, leaving one child, Sarah Augusta Richards, who died at the age of six years in 1862. Her father, Reuben Augustus, survived, and died in 1893. The son, Reuben R. Richards, married on February 4, 1868, and died on July 11, 1895, leaving two children, Reuben A. Richards and Sarah S. Buttrick, who are the demandants. The widow, Hannah M. Richards, died on October 16, 1906, leaving the other four children surviving her. On April 4, 1861, the widow and the five children then living, namely, Hannah M., Reuben R., Nancy I., Amos J. F. and Clarissa E., all then being of age, conveyed the demanded premises by a deed in fee simple, with full covenants of warranty, to Sherman Bowers. The tenant by various mesne conveyances has all the title to the demanded premises thus conveyed to Bowers.

The inventory of the estate of Jeremiah F. Richards was put in evidence, and from it it appeared that the personal property of the estate amounted to $4,503.06.

Upon the foregoing facts, the tenant requested the judge to rule that the writ of entry could not be maintained, and that judgment therein should be entered for the tenant. The judge refused to make this ruling, and ruled that on the death of the widow of

Jeremiah F. Richards the demandants took, not through their father, but as devisees under the will of their grandfather, an undivided one fifth interest in the demanded premises, and further ruled that the demandants were entitled to an undivided one fifth interest in the demanded premises, and ordered that judgment be entered for the demandants for such undivided one fifth interest. The tenant excepted to the refusal to rule and to the ruling made.

At the request of the tenant the judge reported the case for determination by this court, as stated above. If the refusal to rule and the ruling made were correct, judgment was to be entered for the demandants for an undivided one fifth interest in the demanded premises; otherwise, there was to ·be judgment for the tenant, or such other disposition was to be made of the case as should seem meet.

The case was submitted on briefs.

*T. C. Bachelder & F. A. P. Fiske*, for the tenant.

*R. D. Ware*, for the demandants.

HAMMOND, J. By the second clause of the will the widow took a life estate in the real estate of the testator; and by the third clause each of the children took an undivided sixth of the remainder in fee. Assuming in favor of the tenant that this interest in remainder was vested at the death of the testator, it nevertheless was liable in the case of each child to be divested by the happening of a contingency, and that contingency was the death of the child before the death of the life tenant. In case a child thus died, the estate which had been vested went (if the child was unmarried and without issue) to the testator's surviving children; but if such child left " a child or children born in lawful wedlock," then it went to the latter. But any such grandchild was to hold his share of the estate " in the same manner " and " by the same title " as it would have been held by its parent if living. This means that the estate of any such grandchild was liable to be divested by its death before the death of the life tenant.

Such seems to be the plain reading of the will; and the intention of the testator, as thus expressed, can be carried out without violating any rule of law.

It follows that upon the death of the daughter Sarah, which

occurred in 1856, her interest, being one undivided sixth, in the remainder passed by the terms of the will to her child Sarah, and upon the latter's death in 1862 the interest passed under the will to the testator's children then living, one of whom, Reuben, was the father of the demandants. Upon the death of Reuben in 1895, his interest, now being one undivided fifth, became divested and passed under the terms of the will to his children, the demandants. They took, not as the heirs of their father Reuben, but under the will of their grandfather, the testator, and therefore their rights are not at all affected by their father's deed to Sherman Bowers in April, 1861, under which through mesne conveyances the tenant claims. The ruling given at the trial was correct, and the ruling requested by the tenant was rightly refused.

*Judgment for the demandants for an undivided one fifth interest in the demanded premises.*