## ARGUED AND DETERMINED

IN THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS.

---

WINTHROP H. WADE & another, trustees, *vs.* WINTHROP H.
WADE, executor.

Suffolk.    March 16, 1909. — June 24, 1909.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Devise and Legacy,* Time of vesting.

A will, after containing provisions giving the residue of the testator's property to
his widow for her life and, subject thereto, to his three daughters, F., A., and
C., and his son, N., share and share alike, contained the following: "And it is
my will that if either of my said four children, to wit, F., A., C. and N. shall die
before their mother, her or his share, so dying, shall go to and be divided among
her or his child or children, if any such there be.  If there are none such child
or children, then the share of either of my daughters or son so dying, to go to
and be equally divided among her or his surviving sisters or brother."  F. had
two children, a son and a daughter.  F., and, after her, her son died, both before
the widow of the testator.  After the death of the testator's widow, F.'s daughter
contended that she should receive one quarter of the estate then to be distrib-
uted.  *Held,* that F.'s daughter and the estate of F.'s son each should receive
one eighth of the estate to be divided, since the clause meant that, if either of
the four children named died before their mother, such child's share should go
to such of his or her children as at the time of such child's death were living.

BILL IN EQUITY, filed in the Probate Court for the county of
Suffolk on June 11, 1908, by the trustees under the will of
Newell A. Thompson, late of Boston, for instructions as to

whether, under the clause of the will quoted in the opinion, the daughter of Fanny T. French was entitled to a one quarter interest in the estate on the death of her mother, or whether she and the administratrix of the estate of her brother, Harry G. French, were each entitled to a one eighth interest.

In the Probate Court, *Grant*, J., made a decree that Fanny T., and the administratrix of the estate of Harry G. French each should receive a one eighth interest.

On appeal, the case was heard by *Sheldon*, J., who reserved it for determination by the full court. The facts were agreed upon and are stated in the opinion.

*W. H. Wade*, for the petitioners, stated the case.

*E. H. Abbot, Jr.*, for the executor.

*J. C. Rice*, for Stella E. Farwell individually and as administratrix of the estate of Harry G. French.

LORING, J. Newell A. Thompson, after leaving to his wife his household effects and similar property, devised and bequeathed the residue of his property to her for life, and subject thereto to his three daughters and his son, share and share alike. Then follows this provision: " And it is my will that if either of my said four children, to wit, Fanny T. French, Annie C. Barton, Carrie T. Kensel and Newell A. Thompson, shall die before their mother, her or his share, so dying, shall go to and be divided among her or his child or children, if any such there be. If there are none such child or children, then the share of either of my daughters or son so dying, to go to and be equally divided among her or his surviving sisters or brother."

The oldest daughter, Mrs. French, died during the lifetime of her mother, leaving a son, Harry G. French, and a daughter. The son died after his mother and before his grandmother (the widow of the testator) leaving a widow but no children. Mrs. French's daughter died after both her mother and her grandmother, seemingly without issue. The executor of her will contends that the gift over in case a child of a life tenant should die during the lifetime of a testator's widow is to " her or his child or children, if any such there be " at the date of the termination of the life estate; and that she takes the whole of Mrs. French's one quarter.

In our opinion this construction of the will is altogether with-

out foundation. It is not the construction reached by giving to the testator's words their natural meaning.

The natural meaning of the testator's words is that if either of my said four children shall die before their mother, her or his share shall go to her or his child or children if any such there be at that time. This construction is reinforced by the fact that the gift over to her or his child or children is a gift over by way of substitution for the gift to the parent. It would be strange if the substitutional gift were not to vest at the date when the original gift is divested.

And finally, there is nothing in the will as a whole which even suggests that the construction reached by adopting the natural meaning of the testator's words reinforced by the fact that it is a substitutional gift, is not the true construction of this will.

An elaborate argument has been addressed to us, based on the contention that taking the will as a whole it was the intention of the testator to confine his bounty to those of his own blood. But the construction contended for does not effect that result. If the words "among her or his child or children, if any such there be" are construed to mean if any such there be on the termination of the life estate of the testator's widow, Harry G. French's sister or, if there had been no sister, the survivors or survivor of Harry G. French's aunts and uncle would take to the exclusion of Harry G. French's children, for example if he had left children at his death. Again, in the case at bar the executor of the will of Mrs. French's daughter who survived the testator's widow, on that construction takes the whole of Mrs. French's one quarter to the exclusion of the administrator of Mrs. French's son. We understand from the agreed facts that neither had issue. But whether that be so or not the argument is the same, for each might have died without issue. Giving the whole of Mrs. French's one quarter to the estate of Mrs. French's daughter in such a case does not confine the property to people of the testator's own blood.

We are of opinion that the gift over to Mrs. French's children on her death during the lifetime of her mother vested at that time, and consequently that the administrator of Harry G. French's estate is entitled to one eighth of the trust fund.

*Decree affirmed.*