KATE HASTINGS *vs.* MARY NESMITH & another, trustees.

Suffolk.    January 24, 1905. — May 19, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Trust,* Attempted modification by agreement.    *Will.    Compromise, Agreement of.*

More than a year after a will had been proved and allowed in this Commonwealth,
a contest having arisen as to the validity of the residuary clause of the will
leaving the remainder of the property of the testatrix to certain relatives, "in
trust to devote the income to such charities as they see fit until they can no
longer attend to the same," and then to " devote the entire sum, principal and
interest, to the same purpose," the heirs at law and next of kin of the testatrix
executed an agreement of compromise, confirmed by a decree in another juris-
diction assented to by them, by which it was stipulated that the residue should
be paid to two of the trustees named in the will who should pay the net income
to one of the next of kin named, quarter yearly, for and during her natural life,
"such payments to be deemed a compliance with said trust." The beneficiary
for life named in this agreement filed a petition, seeking to be paid the income
of the trust fund from the death of the testatrix before the turning over of the
fund to the trustees as well as afterwards, under the provisions of Pub. Sts.
c. 136, § 24, (R. L. c. 141, § 24.) *Held,* that the compromise agreement in no
way modified the will, and was not a will nor an instrument in the nature thereof
within the meaning of the statute, so that the provisions of the statute could not
apply, and that under the agreement itself the petitioner was entitled to no more,
as it gave her only the income of the fund turned over to the trustee under the
agreement.

The following statement of the case is taken from the opinion of the court:

This case is before us on a report made by a single justice. From that report it appears that one Katherine H. Taylor, of Washington, District of Columbia, died on December 23, 1896, leaving a last will and testament. On January 27, 1897, a petition for the probate of the will was filed in the Probate Court for Suffolk County in this Commonwealth, in which it was alleged that the testatrix died possessed of goods and estate in said county remaining to be administered. Three years later, to wit, on February 1, 1900, the will was allowed and the persons therein nominated were appointed executors.

The testatrix left as heirs at law and next of kin a nephew, Henry Hastings, a niece, Kate Hastings, and two grandnieces (the daughters of a deceased nephew), Ethel Hastings (now Mrs. Hart) and Henrietta Hastings.

By her will the testatrix left the residue of her estate, subject to a number of pecuniary legacies, to her cousin Mrs. Nesmith and her daughters Mary and Julia (now Julia Ivy) " in trust to devote the income to such charities as they see fit until they can no longer attend to the same, at which time I direct that they shall devote the entire sum, principal and interest, to the same purpose."

Three years after the will was probated here, to wit, on April 18, 1903, Mary Nesmith and Julia Ivy brought a petition in the Probate Court for Suffolk County, alleging that the testatrix by her last will and testament duly proved and allowed in that court on February 1, 1900, gave certain estate in trust for charitable uses and appointed the petitioners trustees thereof; " that said will was modified by a decree of the Supreme Court of the District of Columbia dated July 24, A. D. 1901, . . . and by said decree your petitioners are appointed trustees of said estate "; and praying " that they may be appointed trustees under said will as modified by said decree as aforesaid." No copy of the decree of the Supreme Court of the District of Columbia was in fact recorded in the Probate Court, as alleged in the petition. On this petition a decree was made by the Probate Court here on May 21, 1903, by which, after reciting that it appeared " by said will that said testatrix gave certain estate therein described in

trust for charitable uses and purposes, and that in and by said will modified by a decree of the Supreme Court of the District of Columbia dated July 24, A. D. 1901, . . . said petitioners were named therein as trustees" it was decreed "that said petitioners be appointed trustees as aforesaid."

The proceedings (which are stated in this petition to have resulted in a decree modifying the will of the testatrix), so far as they were put in evidence in the case at bar, consisted of a consent decree, to which was annexed an agreement of compromise on which the consent decree was based.

The agreement of compromise was dated June 20, 1901. It recites that a suit had been brought by the nephew and niece of the testatrix in the Supreme Court of the District of Columbia, in which it was contended (*inter alia*) that the charitable bequest of the residue was inoperative and void, and that a decree had .been entered declaring said charitable bequest to be void, from which an appeal had been taken. After this recital the agreement declared that it was agreed that the executors should apply to the Supreme Court of the District of Columbia " for the entry of a decree authorizing and ratifying a compromise of the provisions of said will in accordance with this agreement," and directing them to convert all the property into cash (except wearing apparel, bric-a-brac and similar articles there specified) and after making certain payments, to pay to Willard Howland one sixth of the residue (apparently one half of the one third to which Henry Hastings would have been entitled as heir at law and next of kin), and subject thereto, " to pay over to Mary Nesmith and Julia D. N. Ivy, as trustees under said will, all the rest, residue and remainder of said fund, to be held by them under the trust created in the residuary clause of the will of said testatrix ; and said trustees are to be ordered and directed by the terms of said decree to pay over the net income from said trust fund, quarter-yearly, to Kate Hastings, for and during her natural life, free from interference and control of any husband or creditor of hers, for her support and maintenance, such payments to be deemed a compliance with said trust."

The agreement then provides that the decree to be entered shall declare that except " as modified by this agreement," the will of the testatrix is in full force, and that " the administration

of the trust contained in said will, as modified by this decree," shall be "in the Probate Court for the County of Suffolk in the Commonwealth of Massachusetts, and in the courts of said Commonwealth, and governed by the laws of said Commonwealth."

Consent decrees were entered by the Supreme Court of the District of Columbia, on July 24, 1901, and September 27, 1901, which directed the executors to do the things specified in the agreement of compromise, and ended with this clause: " And as modified by said decree, the will of said Katherine H. Taylor and the trust therein set forth are hereby declared to be valid and in full force and effect, and the administration of said trust as modified by this decree shall be in the Probate Court for the County of Suffolk and Commonwealth of Massachusetts, and governed by the laws of said Commonwealth."

As we have said, no copy of this decree was in fact recorded in the Probate Court in Suffolk County when Mary Nesmith and Julia D. N. Ivy asked to be appointed trustees to carry out trusts contained in the will of the testatrix, as " modified by a decree of the Supreme Court of the District of Columbia." The decree was offered in evidence at the hearing before the single justice and admitted as a paper referred to in that petition in which the trusts were described which the petitioners asked to be appointed to carry into effect.

On June 11, 1903, (a few weeks after Mary Nesmith and Julia D. N. Ivy were appointed trustees,) Kate Hastings, the life tenant of the residue under the agreement of compromise, brought a petition in the Probate Court claiming that she was entitled to the income of the residue from the death of the testatrix, to wit, December 23, 1896. On October 22, 1903, a decree was entered by the Probate Court, which, after declaring that " clause 10 of the compromise decree of the Supreme Court of the District of Columbia, now of record in this court, by its terms is substituted for the residuary clause of the will of said Katherine H. Taylor, and that it is to be construed as the purpose of said testatrix," decrees that the petitioner as legatee for life is entitled to the net income from December 23, 1896, and directs the case to be sent to an auditor, to ascertain what part of the fund paid to the trustees by the executors was principal and what income.

From this decree the trustees took an appeal. At the hearing

of that appeal it appeared that the trustees were ready to pay over the income earned by the property, after it was paid to them by the executors as the residue. The single justice ruled that the position of the trustees was right, and reported the case to this court.

*F. H. Stewart,* ( *W. J. Desmond* with him,) for the petitioner.

*J. C. Ivy,* for the respondents.

LORING, J. [After the foregoing statement of the case.] The petitioner's contention that she is entitled to income from the death of the testatrix by virtue of Pub. Sts. c. 136, § 24, (now R. L. c. 141, § 24,) is the natural outcome of the mistake, (on which all proceedings in this matter have been based from the time that the compromise agreement was made,) namely, that such an agreement modifies the will. How it could be thought to modify this will in this Commonwealth is hard to understand. This will was admitted to probate here on February 1, 1900, and the compromise agreement was not made until June 20 of the following year. But apart from that fact such an agreement never is a modification of the will; it is a compromise of the rights of the parties under the will on the one side, and of those who claim that the will is void in respect to the matters covered by the compromise, on the other side. In the case at bar the consent decree to which the compromise agreement was attached having been referred to by Mary Nesmith and Julia Ivy in their petition to the Probate Court to be appointed trustees (inaptly, to be sure) as a paper containing the terms of the trust which was to be administered by them, it was admissible to prove what those trusts were, but not as a modification of the will. It is not a will nor an instrument in the nature thereof within Pub. Sts. c. 136, § 24, (now R. L. c. 141, § 24,) and the petitioner is not entitled to the income from the death of the testatrix by virtue of that act. Neither is she entitled thereto as matter of construction of the compromise agreement as an agreement. What that gives her is the income of the fund turned over to the trustees under the agreement. This is not controlled by the reference made in that agreement to the laws of this Commonwealth.

> *Decree of the Probate Court reversed; bill dismissed with costs.*