LOUIS D. BRANDEIS, trustee, *vs.* EDWARD ATKINS & another.

Suffolk.    November 19, 1909. — January 20, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Compromise,* Concerning will. *Conflict of Laws.* *Words,* " Heirs at law."

The rights of the parties to an agreement of compromise which adjusted a controversy concerning a will and was approved by the Supreme Judicial Court under R. L. c. 148, § 15, depend upon the agreement and the decree confirming it and are not testamentary rights under the will which was the subject of the controversy.

Where an *agreement of compromise,* which adjusted a controversy concerning a will and was approved by the Supreme Judicial Court under R. L. c. 148, § 15, and which was made in this Commonwealth in regard to property here, creates a trust for the benefit of a certain woman during a term of years and provides that upon her death before the end of that term " the said sum is to be paid to her heirs at law," and a trustee to administer this fund under the agreement of compromise is appointed by the Probate Court for the county where the will was filed and the compromise was approved, if the beneficiary afterwards establishes her residence and domicil in another State and dies there, and by the law of such other State her heirs at law would be different persons from those who would be her heirs at law by the law of this Commonwealth, the agreement is to be interpreted by the law of this Commonwealth and the fund is to be paid to the persons who are here the heirs at law of the deceased beneficiary.

BILL IN EQUITY, filed in the Supreme Judicial Court on October 22, 1908, by the trustee for the benefit of Marjorie Atkins under an agreement of compromise concerning a will approved under R. L. c. 148, § 15, by the Supreme Judicial Court on January 3, 1889, in accordance with which the estate of John Q. A. Williams was ordered to be administered, for instructions as to the disposition which the plaintiff should make of the trust property after the death of Marjorie Atkins who, never having married, died on July 13, 1908, at Nanuet in the county of Rockland in the State of New York, where she was a resident and had her domicil.

The case was heard by *Braley*, J. The material provision of the agreement of compromise was as follows:

" Fifth. Out of the one half of said estate, which is to be paid, transferred and conveyed to said Martha M. Atkins, under the fourth item of this agreement the sum of Ten Thousand Dollars is to be set apart by her for the use of the said Marjorie Atkins and to be held in trust for her use by said Martha M. Atkins, until she attains the age of twenty-one years, at which time the said trust may be terminated at the will of the trustee who shall be appointed by the Probate Court or continue for a further term of ten years. The income, derived from the said Ten Thousand Dollars, is to be added to the principal sum, until the amount of the principal sum shall reach a total of Eighteen Thousand Dollars. After the principal shall have reached the said sum of Eighteen Thousand Dollars, the income derived from that sum may be applied to the support, maintenance and use of said Marjorie, and when the said trust is terminated the said principal sum shall be paid to said Marjorie, and in case she should die before she attains the age of twenty-one years or at any time before the trust ends by lapse of time, the said sum is to be paid to her heirs at law freed from the trust herein expressed."

John Q. A. Williams, who was the father of Martha M. Atkins, died testate on December 14, 1886, and upon a contest over his will the agreement of compromise was made, the interpretation of the above provision of which was the occasion for this bill.

One half part of the estate was paid to Martha M. Atkins, and on March 3, 1890, she was appointed by the Probate Court of

Suffolk county trustee of the fund of $10,000 for the benefit of Marjorie Atkins. On December 20, 1902, by an instrument filed in the Probate Court for Suffolk county, Martha M. Atkins set forth that Marjorie Atkins would become twenty-one years of age on January 7, 1903, and that in the exercise of the power given her in the fifth clause of the agreement of compromise set forth above she willed that the trust should continue for the further period of ten years as provided in the fifth clause. On February 19, 1904, the resignation of Martha M. Atkins as trustee was accepted by the Probate Court for Suffolk county, and the plaintiff was appointed trustee to succeed her.

The defendants, Edward Atkins and Martha M. Atkins, were husband and wife and were the parents of Marjorie. They were not divorced, but had lived apart for several years.

Majorie Atkins, upon the separation of her father and mother, remained with her father and left Massachusetts with him and went to New York at some time in 1904 or 1905, and thereafter lived with him in the State of New York, either at New York city or at Nanuet, until her death on July 13, 1908.

At the time of the death of Marjorie, Martha M. Atkins was domiciled in Massachusetts and Edward Atkins was living at Detroit in the State of Michigan. Edward Atkins contended that by the Code of Civil Procedure of the State of New York, §§ 2473, 2476, 2732, which was introduced in evidence, he was entitled to the fund as the sole heir at law of Marjorie. Martha Atkins contended that under R. L. c. 140, § 3, and c. 133, § 1, cl. 2, the fund with its accumulations should be divided equally between herself and Edward Atkins.

The justice found that Marjorie Atkins at the date of her death was domiciled in the State of New York. He made a memorandum of decision, which concluded as follows: "The rights of the parties, however, are to be determined under the construction to be given to the contract, called ' the agreement of compromise,' so far as it relates to the fund provided for Marjorie. I find that the contract was made here and was to be performed here. Accordingly I rule that the law of the place of performance must govern and that ' her heirs ' are those who would take under our statutes of descents and distributions, and the fund, with accumulations, is to be divided equally between

Edward Atkins and Martha M. Atkins. *American Malting Co.*
v. *Souther Brewing Co.* 194 Mass. 89, 95."

A final decree was entered in accordance with this memorandum, and the defendant Edward Atkins appealed.

*E. F. McClennen,* for the defendant Edward Atkins.

*C. H. Parsons,* for the defendant Martha M. Atkins.

RUGG, J.   This is a petition for instructions as to the disposition to be made of a fund held under the terms of an agreement of compromise entered into for the purpose of ending a contest as to the allowance of the will of one Williams, and approved in 1889 by the Supreme Judicial Court under R. L. c. 148, § 15.   The testator, and for aught that appears the parties to the compromise, were residents of this Commonwealth. The agreement, so far as now material, provided that a certain fund should be set apart for the benefit of Marjorie Atkins, then a minor and not a party to the agreement, a granddaughter of the testator, and that upon her death before the termination of the trust by lapse of time, it should " be paid to her heirs at law freed from the trust."   In 1904 or 1905 Marjorie Atkins removed from Massachusetts, which had been her domicil theretofore, and which continued to be the domicil of her mother, the daughter of the testator, and acquired and retained a domicil in the State of New York, where she died in 1908.   Under the law of the State of New York, her father, Edward Atkins, a resident of Michigan, is her sole heir at law, while under the law of this Commonwealth, the father and mother would be her heirs. The question is whether the law of this Commonwealth or that of New York shall govern in determining the persons entitled to the fund as her heirs at law.

The agreement for compromise did not become a part of the will.   Although the practice is to insert a clause in the decree to the effect that the estate shall be administered in accordance with the agreement for compromise established thereby, yet the rights of the parties growing out of the agreement rest upon it and the decree confirming it, and are not testamentary rights. *Blount* v. *Wheeler,* 199 Mass. 330, 339.   *Hastings* v. *Nesmith,* 188 Mass. 190.   *Abbott* v. *Gaskins,* 181 Mass. 501.

If the question arose as to the interpretation of precisely the same language used in the will of a Massachusetts testator, the

determination of the heirs at law would be according to Massachusetts law. *Lincoln* v. *Perry*, 149 Mass. 368. *Adams* v. *Adams*, 154 Mass. 290, 292. *Proctor* v. *Clark*, 154 Mass. 45, 48. The same principle in this regard appears to prevail in other jurisdictions. *In re Fergusson's Will*, [1902] 1 Ch. 483. *Matter of Devoe*, 171 N. Y. 281. *Brown* v. *Ransey*, 74 Ga. 210. It would be unfortunate if one standard of construction should be adopted touching the meaning of so common a phrase as heirs at law occurring in wills and another as to the same phrase employed in an instrument, which although contractual in origin is testamentary in effect and is by decree of court made a direction to the executor, administrator or trustee by which he is to be guided in the administration of his trust.

The reasoning upon which the rule as to the interpretation of these words in wills is founded applies equally to such a contract as that before us. The instrument was drafted and executed in this Commonwealth by its residents in regard to the proof of the will of one of its deceased citizens offered for allowance in our courts, and provided for the appointment of a trustee to administer a fund for the benefit of a minor domiciled here. All parties to it were probably more familiar with the law of Massachusetts than of any other State, and presumably meant, in using the words " heirs at law," those persons who would answer that description by our law. The heirs of Marjorie Atkins do not trace their title to the fund through her, but it comes to them directly under the terms of the agreement by virtue of her death before the termination of the trust during her life. See *Mullen* v. *Reed*, 64 Conn. 240. In *Codman* v. *Krell*, 152 Mass. 214, it was held that where a donor in a voluntary declaration of trust resided in Massachusetts, and all the beneficiaries were then domiciled here, the heirs at law of one of his children, who subsequently removed to another jurisdiction and died there, should be determined according to the law of Massachusetts. While this case is not decisive, it is somewhat analogous to the present. *Merrill* v. *Preston*, 135 Mass. 451, depends upon its peculiar facts, and is not inconsistent with the conclusion here reached. If it be objected that this view involves the ascertainment of heirs at law on an hypothesis contrary to fact for the reason that in truth the heirs at law of every deceased

person must be determined by the law of the jurisdiction of his domicil at the time of his death, the same objection obtains to the rule as to the construction of the same words found in wills laid down in *Lincoln* v. *Perry*, 149 Mass. 368. But that principle is settled. Moreover heirs at law for the inheritance of real estate always are determined according to the law of the jurisdiction where the land lies, regardless of the domicile of the deceased owner.

The trustee in the present case was appointed by our courts, and must administer the trust and finally settle his relation to the fund according to our law, and make distribution of it here. He was acting pursuant to a contract made here, confirmed by decree of our courts, respecting property physically in Massachusetts, and intended to be executed here. Ordinarily, when the contract is made and to be performed in the same jurisdiction, the law of the place governs the construction of its language and the rights of the parties under it. *American Malting Co.* v. *Souther Brewing Co.* 194 Mass. 89. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow*, 203 Mass. 159, 174.

The heirs at law of Marjorie Atkins should be determined, therefore, according to the law of Massachusetts, because of the desirability of uniformity in the rule of construction to be applied to the same words occurring in wills and in contracts, which deal with the disposition of the estate of a testator, because that result seems to conform to the intent of the parties, and because it is the rule which would be followed in the interpretation of contracts executed and to be performed as this one was.

*Decree affirmed.*