Hu L. McClung and W. E. Monday, Executors, Estate of B. R. Strong, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 12468. Promulgated September 12, 1928.

*L. M. G. Baker, Esq.*, *M. W. Egerton, Esq.*, and *H. H. Shelton, Esq.*, for the petitioners.

*V. J. Heffernan, Esq.*, for the respondent.

OPINION.

ARUNDELL: We have included in our findings only such facts as are necessary to dispose of the principal question presented. There is in the record a great deal of evidence bearing on other issues raised by the pleadings, but in the view we take of the case these subsidiary issues will not require decision, and accordingly we have made no findings concerning them.

The main issue is whether the income from the residuary estate is deductible by the executors under section 219(b) of the Revenue Acts of 1918 and 1921, as "paid to or permanently set aside for" the University of Tennessee, which is admitted by the respondent as being within the class of corporations enumerated in section 219(b). The respondent further concedes that the one-half of the income of the estate which under the compromise agreement was to go to the University, is not subject to tax.

The first argument of respondent is that no showing is made of the amounts, if any, that were actually paid to the University in the taxable years. Under the construction that has been placed on section 219, payment is not a necessary condition precedent to the deduction. It is enough if under the will the income was permanently set aside. *E. Sohier Welch*, 9 B. T. A. 1370, and cases cited.

There is no question but that under the terms of the will itself the residue of the estate was left to the University, and that any income arising out of the sale of such residue would be tax exempt. So much is conceded by the respondent in his brief. But it is contended that the decree of the chancery court confirming the compromise agreement governed the disposition of the properties and in effect nullified certain provisions of the will. This contention is not in accord with the law in Tennessee as we understand it. See *English's Estate* v. *Crenshaw*, 120 Tenn. 531; 110 S. W. 210. In that case the decedent English bequeathed all his property to his widow. A contest of the will instituted by the heirs of English was withdrawn upon the agreement of the widow to deed to them one-half of the land comprising the estate. Suit was then brought to determine whether the value of the property deeded to the contesting heirs was subject to the collateral inheritance tax. It was held:

The defendants [the heirs] do not derive their title from C. B. English, but from the deed of Mary J. English, the widow. In an action of ejectment to recover these lands, the defendants would deraign their title from the deed of Mary J. English and not by descent cast, as heirs and distributees of C. B. English. The defendants do not take by inheritance, will, deed, grant, gift, or otherwise from C. B. English. * * * Mrs. English derived her title from

C. B. English under the will, while defendants derived their title from Mrs. English by deed.

The courts in other jurisdictions whose decisions we have examined hold to the same effect, and the law seems to be well established that in such cases as we have here, the contesting heirs who receive a part of the residue take solely under the contract and not under the will. *Baxter* v. *Stevens*, 209 Mass. 459; 95 N. E. 854. *In re Cook's Estate*, 187 N. Y. 253; 79 N. E. 991. The compromise agreement does not become a part of the will (*Brandeis* v. *Atkins*, 204 Mass. 471; 90 N. E. 861), and is not a modification of it. *Hastings* v. *Nesmith*, 188 Mass. 190; 74 N. E. 323. Upon being admitted to probate the will speaks as of the time of the testator's death (*In re Wells' Estate*, 142 Iowa 255; 120 N. W. 713; *Farley* v. *Farley*, 121 Tenn. 324; 115 S. W. 921), and the residuary legatee becomes as of that date the absolute owner of the residue. *Mackenzie* v. *Wright* (Ariz.), 252 Pac. 521; *In re Graves' Estate*, 242 Ill. 212; 89 N. E. 978. Whatever the contestants received as a consideration was paid to them out of what the residuary legatees obtained from the estate (*Mackenzie* v. *Wright, supra*), and whatever right they have to any property of the estate is based upon the agreement and not on the will. *People* v. *Union Trust Co.*, 255 Ill. 168; 99 N. E. 377.

The fact that the executors divided the account of the residue on their books and kept their accounts so as to show separately the amounts paid to the heirs is of no significance. The executors could not, by any act of theirs change the directions contained in the will. *Bowers* v. *Slocum*, 20 Fed. (2d) 350. Nor do we think that the waiver of the two minor legacies referred to in the findings of fact can operate to defeat the deduction allowed by law.

The residue of the testator's estate having been permanently set aside by the terms of his will for the University of Tennessee, the income from such residue constitutes a proper deduction from the income of the estate.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*