OLD COLONY TRUST COMPANY, EXECUTOR OF THE WILL OF VREDENBURGH MINOT, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 62089.   Promulgated January 5, 1934.

*A. P. Lowell, Esq.*, for the petitioner.
*Prew Savoy, Esq.*, for the respondent.

OPINION.

SMITH: Section 302 (f) of the Revenue Act of 1926, which applies in this case, provides:

SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\*   \*   \*   \*   \*   \*   \*

(f) To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will  \*  \*  \*.

This case turns on whether or not the decedent, Vredenburgh Minot, exercised the power of appointment vested in him under the deed of trust and will of his father so as to bring that property within the terms of the above section.

There is no specific reference in decedent's will to the power of appointment or the exercise thereof. The respondent claims that this is unnecessary and that a general power of appointment by will is validly exercised by a general devise of real or personal property unless a contrary intention should appear in the will. *Amory* v. *Meredith*, 7 Allen, 397; *Stone* v. *Forbes*, 189 Mass. 163; 75 N.E. 141.

Petitioner concedes the above rule, but insists that it applies only where the testator was the owner of the life estate and entitled to the income thereof. As further limitations on the rule petitioner urges that the language of the will must be susceptible of including the property subject to the power of appointment, and there must be nothing in the will to show a contrary intent. From this it is argued that the power given the trustees in the will of decedent's father to limit decedent's income to his necessities and add the remaining income to his part of the principal, the use of the phrase "all the property owned by me at the time of my death," and making certain bequests dependent on the value of his estate show that decedent never intended to exercise the power of appointment, and if he did, it was ineffectual because he was not entitled to the whole of the income from the life estate.

Formerly in England and perhaps in some states in this country a general power of appointment was not validly executed unless the testator specifically mentioned the power, but because of injustice resulting in many cases from this technicality the law in England was changed by act of Parliament to do away with this technicality and the law in this country is now generally the same as it is in England.

In our opinion the objections urged by petitioner to the application of the rule are not tenable. Under both the deed of trust and the will the decedent was entitled to the income for life from one fourth of the trust property, but in the will it was provided in substance that the trustees are authorized in their discretion to set aside and add to the principal so much of the income of any child as is not required for his or her comfortable support and maintenance.

Massachusetts cases cited to us are to the effect that if a testator has a power of appointment over property in which he has a life estate, in the absence of anything to show a contrary intention, the power is well executed by a general residuary clause. *Cumstom* v. *Bartlett*, 149 Mass. 243; 21 N.E. 373; *Howland* v. *Parker*, 200 Mass. 204; 86 N.E. 287; *Russell* v. *Joys*, 227 Mass. 263; 116 N.E. 549. We think this case clearly falls within the rules laid down in those cases. The decedent was expressly designated as being entitled to one of the four equal shares in his father's estate and the trustees were directed to pay him the income therefrom, but in certain contingencies were given the right to withhold part of the income and add it to the

principal of the one from whom withheld. It will be observed that in the will of William Minot there is no limitation over to any other person or for any other purpose and consequently the income not currently paid over to the decedent became subject to the power.

The use in the decedent's will of the words " I give, bequeath, and devise one-half of all my property of whatever kind, and wherever situated, owned by me at the time of my death, to my wife," and a similar expression in the bequest to Katherine Tingley, is not exclusive, but inclusive. They are comprehensive expressions and the natural conclusion to be drawn from their use is that decedent had in mind and meant to dispose of every and any thing which he had a right to dispose of at the time of his death. A will speaks from the time of death and this was apparently in testator's mind.

The making of several minor bequests dependent on a $100,000 value of his estate in our opinion does not show any intention not to exercise the power of appointment. There may have been many reasons for this limitation and we will not undertake to speculate upon them. We are of opinion that the limitation was a precautionary measure merely and is entitled to no other significance. Being of this opinion, we hold that the powers of appointment vested in Vredenburgh Minot under the deed of trust and the will of his father were validly exercised.

It is next contended by petitioner that the property subject to the power of appointment is not subject to estate tax because it passed by the agreement of compromise and not by the exercise of the power.

We are not concerned with the terms of the settlement. It is only necessary to state that the probate of the will was objected to, or contested after probate, and a settlement was arrived at by which the beneficiaries under the will surrendered part of their rights thereunder on consideration that the contest be withdrawn and the will established. It is immaterial what form of procedure was adopted to accomplish this purpose and obtain the approval of the courts, or whether the legal steps were initiated by the trustees of the father's estate or the personal representative of the decedent.

We believe petitioner's contention is not sustained by the decisions of the Massachusetts courts. While the contestants may take under the compromise settlement, the entire will is established and the estate first passes under it. *Hastings* v. *Nesmith*, 188 Mass. 190; 74 N.E. 323; *Brandeis* v. *Atkins*, 204 Mass. 471; 90 N.E. 861; *Baxter* v. *Stevens*, 209 Mass. 459; 95 N.E. 854.

We do not think the case of *Catherine A. Codman*, 20 B.T.A. 880; affd., 50 Fed. (2d) 763, holds to the contrary, for we there said:

However, even assuming that the law of Massachusetts applies and that the petitioner took under the compromise agreement and not under the will,

we are still unable to agree with the conclusion which the petitioner would have us reach. If there had been no contest over the will and the will had been probated and the property administered in accordance with its terms, there could be no possible doubt that the income received by the petitioner thereunder would have been subject to the tax imposed by the revenue statutes. Then, why should the settlement agreement, provided for by law in order to effect harmony and accord among heirs and legatees and for the amicable settlement of their disputed claims, affect the rights of the Government to collect taxes rightfully due it under normal circumstances. The character of the thing received, or to be received, does not suddenly change from income to something that is not income and make that which is taxable under the law nontaxable merely because the disputants under the will happen to have been mollified by a compromise agreement adjusting or modifying their rights under the will. Such a rule would "not only defeat the reiterated purpose of Congress as expressed in various provisions of the Act, but would invite as well as permit, to an unlimited extent, subterfuges whereby those entitled to large incomes could avoid their just obligations to the government." *Codman* v. *Miles*, 28 Fed. (2d) 823; certiorari denied, 278 U.S. 654.

In the recent case of *Wear* v. *Commissioner*, 65 Fed. (2d) 665, which affirmed 26 B.T.A. 682, the decedent, a resident of Pennsylvania, was the donee of a general power of appointment under the will of his father. He exercised the power of appointment in favor of his two daughters, who would have taken the property under the will of his father had he failed to exercise the power. Under the law of Pennsylvania in such circumstances the daughters took under the will of the donor and not as appointees under the will of the donee. This Board and the Circuit Court of Appeals for the Third Circuit both held that, notwithstanding the Pennsylvania law, the power had been exercised, that the tax was on the exercise of the power, and that it was measured by the value of the property.

In *Hu L. McClung et al., Executors*, 13 B.T.A. 335, the testator bequeathed the income from the residue of his estate to an educational institution which was not subject to tax. A contest of the will was compromised by the educational institution giving part of the residue to the contestants and the question arose as to whether or not the entire bequest was deductible. We held that it was, since it had been permanently set aside by the terms of the will for the educational institution.

Reviewed by the Board.

*Judgment will be entered for the respondent.*