JAMES F. MULLIGAN & others, *vs.* MARGARET McDONAGH.
MARGARET McDONAGH *vs.* JAMES F. MULLIGAN & others,
executors.

Suffolk.        October 8, 1940. — November 27, 1940.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Will*, Compromise. *Contract*, Parties, In compromise of will contest.

One, who would have been entitled to an interest in the estate of a dece-
dent under the laws regulating the descent and distribution of intestate
estates, but who, although receiving due notice of a petition for proof
of his will, had not appeared to contest personally or by counsel, was
not under G. L. (Ter. Ed.) c. 204, § 15, a necessary party to an agree-
ment adjusting a contest of the will by others, and had no standing to
maintain a petition to revoke decrees confirming the agreement and
allowing the will, to be administered according to the terms of the
agreement.

PETITION, filed in the Probate Court for the county of
Suffolk on December 1, 1939, by those named as executors
in the will of Frank J. Reddican, for leave to adjust a con-
troversy as to the will in accordance with an agreement
of compromise; also a

PETITION, filed in the same court on December 23, 1939,
by Margaret McDonagh for revocation of decrees allow-
ing the foregoing petition and ordering that the will be ad-
ministered in accordance with the agreement of compromise.

From decrees, entered after a hearing by *Prest*, J., Mar-
garet McDonagh appealed.

*F. Adams* (*G. T. O'Hara* with him,) for McDonagh.

*J. F. Mulligan*, for Mulligan and others, executors.

*N. C. Nash, Jr.* & *J. D. Assaf*, for Higgins and another,
submitted a brief.

DOLAN, J. These cases come before us on the appeals of
the petitioner in the second case from decrees entered in the
Probate Court, (1) dismissing her appeals from a decree
authorizing the executors named in the will of Frank J.

Reddican to adjust the controversy that had arisen concerning the probate of certain instruments, purporting to be his will and codicil thereto, in accordance with the terms of a written agreement of compromise and from a decree allowing those instruments as his will but to be administered in accordance with the agreement of compromise; and (2) denying and dismissing her petition to revoke those decrees. The petitioner in the second case will be referred to hereinafter as the appellant.

The testator died on July 25, 1939, leaving as his heirs at law, according to the recitals in the petition for probate, fourteen first cousins of whom the appellant, a resident of Ireland, is one. An order of notice was issued on the petition for probate returnable on September 14, 1939. The thirty-fifth article of the will provides as follows: "I have intentionally omitted any and all of my relatives and heirs-at-law who live in Ireland." Certain of the testator's heirs, and certain persons named as legatees in a prior will, appeared to contest the petition for probate. On December 4, 1939, the judge allowed a petition of the executors for authority to adjust the contest of the will in accordance with the terms of a written agreement of compromise, to which the executors, all the contestants, and the residuary legatees and devisees were parties. On December 4, 1939, the judge entered a decree allowing the instruments presented for probate but to be administered in accordance with the terms of the agreement of compromise. On December 23, 1939, the appellant, appeared for the first time and claimed appeals from the decrees just referred to, and on the same day also filed a petition for their revocation. The disposition of these appeals and of the petition for revocation has already been set forth.

The sole contention of the appellant is that the judge had no jurisdiction under the governing statute, G. L. (Ter. Ed.) c. 204, § 15, to authorize the adjustment of the controversy arising out of the petition for probate in accordance with the agreement since all those "entitled to the estate of the deceased under the laws regulating the descent and distribution of intestate estates," that is, all the heirs

at law of the testator, were not parties to the agreement. If the judge was without jurisdiction to authorize the adjustment of the controversy in accordance with the terms of the agreement, it would follow that the decree allowing the will "purporting to go on the footing of a compromise, falls of itself with the compromise. See *Abbott* v. *Gaskins*, 181 Mass. 501." *Bartlett* v. *Slater*, 182 Mass. 208, 210.

G. L. (Ter. Ed.) c. 204, § 15, provides as follows: "The supreme judicial court or the probate court may authorize the persons named as executors in an instrument purporting to be the last will of a person deceased, or the petitioners for administration with such will annexed, to adjust by arbitration or compromise any controversy between the persons who claim as devisees or legatees under such will and the persons entitled to the estate of the deceased under the laws regulating the descent and distribution of intestate estates, to which arbitration or compromise the persons named as executors, or the petitioners for administration with the will annexed, as the case may be, those claiming as devisees or legatees whose interests will in the opinion of the court be affected by the proposed arbitration or compromise, and those claiming the estate as intestate, shall be parties."

While it is true that, in the recitals of § 15 descriptive of the character of controversy that may be adjusted in accordance with its provisions, the controversy is denominated as one between the persons who claim as legatees or devisees under the will and the persons entitled to the estate of the deceased under the laws regulating the descent and distribution of intestate estates, yet, in defining those who are necessary parties to the compromise, the statute specifically designates "those claiming as devisees or legatees whose interests will in the opinion of the court be affected by the proposed . . . compromise, and those claiming the estate as intestate." It does not prescribe as necessary parties those who would be entitled to the estate of the deceased had he died intestate, but rather those who claim the estate as intestate.

In the present case we think it must be held that the only persons claiming the estate of the deceased as intestate

were those of his heirs who appeared and contested, all of whom were parties to the agreement of compromise. The adjustment of a controversy over the probate of a will is necessarily based upon a dispute, a contest, in the settlement of which those claiming as legatees and devisees whose interests will be affected by the compromise agree that the contestants shall have a sum of money or specific share of the estate or thing of value, *Baxter* v. *Treasurer & Receiver General,* 209 Mass. 459, 463, in consideration of the contestants' promise to withdraw their opposition. *Silver* v. *Graves,* 210 Mass. 26, 29.

In other decisions of this court concerning the compromise of wills there is frequent reference to the contestants of a will as those claiming the estate as intestate, or as claimants. *Lincoln* v. *Wood,* 128 Mass. 203, 205. *Elder* v. *Adams,* 180 Mass. 303, 306. *Hastings* v. *Nesmith,* 188 Mass. 190, 194. *Blount* v. *Wheeler,* 199 Mass. 330, 338. *Parker* v. *New England Trust Co.* 215 Mass. 226, 228. See also *Hogarth-Swann* v. *Weed,* 274 Mass. 125, 128. The proceeding is spoken of as one in which the contestants withdraw their opposition. *Baxter* v. *Treasurer & Receiver General,* 209 Mass. 459, 462.

In the present case, the parties to the agreement of compromise were the executors, the only legatees and devisees whose interests were affected by the agreement of compromise, certain legatees under a prior testamentary disposition, and the only heirs at law of the deceased who duly appeared to contest the probate. Since they were all of full age and *sui juris,* there was no absolute need of resort under the statute for confirmation of the agreement. *Baxter* v. *Treasurer & Receiver General,* 209 Mass. 459, 463. Such an agreement could be enforced in equity both before and after the enactment of the statute, *Blount* v. *Wheeler,* 199 Mass. 330, or by action at law. See *Silver* v. *Graves,* 210 Mass. 26, 28, 30. The courts look with favor upon such settlements. *Baxter* v. *Treasurer & Receiver General,* 209 Mass. 459, 461. Had not the parties to the compromise agreement here involved resorted to the statute, the agreement could have been enforced in equity, or recovery could

have been had thereon at law. In such proceedings the appellant could not be heard to complain.

We are of opinion that the confirmation of the agreement by the probate judge did not affect the validity and binding force of the agreement. The rights of the parties growing out of the agreement rest upon it and the decree confirming it and are not testamentary rights. *Brandeis* v. *Atkins,* 204 Mass. 471, 474. *Baxter* v. *Treasurer & Receiver General,* 209 Mass. 459, 462. The only effect of resorting to the statute for confirmation of the agreement in the present case was to make the contract a matter of record, the decree admitting the instruments to probate specifically stating that the will was to be administered in accordance with the terms of the agreement "under which the contestants withdraw their opposition, thus conclusively establishing both the form and validity of the agreement; and . . . [to provide] that the terms of the agreement should be carried out, not by the parties themselves, but by the person[s] who should administer the will." *Baxter* v. *Treasurer & Receiver General,* 209 Mass. 459, 462.

We think that under the terms of the statute so far as the heirs of the testator are concerned, those only who were contestants or whose interests under any of the provisions of the will would be affected by the compromise were necessary parties to the agreement. The appellant was not a contestant. She took no interest under the terms of the instruments presented for probate. She received notice in due course of the pendency of the petition for probate. The citation stated in substance that if she desired to object she or her attorney should file a written appearance in the Probate Court on or before ten o'clock in the forenoon on the fourteenth day of September, 1939. On that day and thereafter it was competent for the court to act upon the petition for probate, as well as upon the petition for authority to adjust the controversy which arose concerning it, and to enter final decrees confirming the compromise and allowing the instruments accordingly. *Goodrich* v. *Hanson,* 238 Mass. 313, 316. The appellant as before stated did not appear either for herself or by counsel in opposition to the probate

or otherwise on the return day, nor in fact for more than two months thereafter, at which time the decrees confirming the compromise and allowing the will to be executed accordingly had already been entered.  At the time of their entry she was not a contestant.  She was not then a person claiming the estate or any part thereof as intestate property.  She had already had full opportunity to assert her rights and to present her contentions and had failed to take advantage of it.  She did, however, appear in time to enter appeals from those decrees, but those appeals, if perfected, would not serve to do more than raise the same question as is presented by her appeal from the decree denying her petition to revoke those decrees, with which we have already dealt. Her counsel concedes in effect that the sole question presented for determination can be decided on the appeal from that decree, without reference to her appeals from the decree of the judge dismissing her appeals that have already been described.  Without deciding that the latter appeals are properly before us we treat them as waived.

It follows from what has been said that the appellant was not a necessary party to the agreement of compromise and that there was no error in the action of the judge in denying her petition for revocation of the decrees confirming the agreement and allowing the instruments presented for probate as the will of the testator, but to be administered in accordance with the terms of the agreement.

> *Appeals from decrees confirming the compromise agreement and allowing the will of the testator but to be administered in accordance with its terms waived.*
>
> *Decree denying petition to revoke those decrees affirmed.*